**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANASTASIA HITZFELDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| TXL MORTGAGE CORPORATION, and | § | |
| WILLIAM DALE COUCH, Individually, | § | |
| | § | |
| Defendants. | § | JURY REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**A. NATURE OF THE ACTION**

1. Plaintiff Anastasia Hitzfelder ("Plaintiff") brings this action against Defendants, TXL Mortgage Corporation and William Dale Couch, Individually (collectively referred to as "Defendants"), because they failed to compensate Plaintiff for her overtime work as required by section 207 of the Fair Labor Standards Act. *See* 29 U.S.C. § 207(a)(1). Because of Defendants' illegal compensation practices, Plaintiff is entitled to all equitable and legal remedies available under the Fair Labor Standards Act, including, but not limited to unpaid overtime wages, compensatory damages, and attorneys' fees, costs, and other relief to redress her injuries.

**B. JURISDICTION**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

### C. VENUE

3. Venue is proper in the Southern District of Texas – Houston Division because all, or a substantial part, of the events or omissions giving rise to charged conduct occurred in this district.

### D. THE PARTIES

4. Plaintiff Anastasia Hitzfelder is an individual residing in Medina County, Texas. Hitzfelder meets the definition of an "employee" under 29 U.S.C. § 203(d).

5. Defendant TXL Mortgage Corporation ("TXL") is a corporation organized and existing under the laws of the State of Texas. TXL conducts business in the Southern District of Texas, with its principal place of business at 11931 Wickchester, Suite 400, Houston, Texas 77043, which is located in Harris County, Texas.  It is an enterprise engaged in commerce which acted in the interest of an employer with respect to Plaintiff. It may be served with process through its registered agent, David E. Clements at 11931 Wickchester, Suite 400, Houston, Texas 77043.

6. Defendant William Dale Couch is an individual residing in Harris County, Texas. He may be served with process at 815 Marywood Chase, Houston, Texas 77079 or his place of business at 11931 Wickchester, Suite 400, Houston, Texas 77043.

### E. THE FACTS

7. TXL is a provider of retail mortgage banking services and construction loan services in Harris County, and throughout the State of Texas.  Defendants employ numerous loan officers, loan processors and loan servicing personnel in the operation of its mortgage loan business.  Plaintiff is a former employee of the Defendants who worked as a mortgage loan officer.

8. Plaintiff regularly worked in excess of forty (40) hours per week. Defendants did not pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per workweek at a rate of one and one-half times her regular rate as required by the FLSA.

9. Defendants did not maintain proper record keeping for the hours Plaintiff actually worked.

10. In addition, Plaintiff was actually required to sign agreements that she would not be compensated for any overtime worked.

11. Defendant William Dale Couch is President, a director, and a shareholder of TXL. Defendant Couch had operational control of TXL and effectively dominated its administration or otherwise acted, or had the power to act, on behalf of TXL vis-à-vis its employees. This includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

## F. VIOLATION OF THE FAIR LABOR STANDARDS ACT

**a. Defendants Failed to Properly Compensate Plaintiff for Overtime Hours.**

12. Plaintiff incorporates all preceding paragraphs as if repeated herein verbatim.

13. Plaintiff brings her claims pursuant to 29 U.S.C. § 207(a)(1).

14. Defendants failed to compensate Plaintiff for her overtime work. Section 207(a)(1) of the Fair Labor Standards Act requires that employers compensate employees at a rate of one and one-half times the employee's regular rate for all hours worked in excess of forty within one week. *See* 29 U.S.C. § 207(a)(1).

15. Defendants knowingly, willfully, and with reckless disregard, carried out their illegal pattern and practice of failing to pay Plaintiff overtime wages.

3

16. Defendants' failure to properly compensate its employees for their overtime work has caused Plaintiff severe harm, including loss of compensation, wages, back pay, and other employment benefits.

**b. Defendants Failed to Keep Accurate Records of Hours Worked.**

17. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

18. In addition to pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**c. Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

19. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

20. No exemption excuses Defendants from failing to pay Plaintiff at her overtime rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

21. Defendants have not made a good faith effort to comply with the FLSA.

22. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## G. DAMAGES

23. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a.    Actual damages;

    b.    Liquidated damages in an amount equivalent to actual damages;

  c. All reasonable and necessary attorneys' fees; and

  d. All reasonable and necessary costs incurred in pursuing this lawsuit.

## H. ATTORNEY'S FEES & COSTS

24. Plaintiff is entitled to an award of attorneys' fees and costs under 29 U.S.C. § 216(b).

## I. JURY REQUEST

25. Plaintiff requests a jury trial and tenders herein the appropriate fee.

## J. PRAYER

26. Plaintiff respectfully requests that judgment be entered against Defendants, awarding her:

  a. damages for the amount of unpaid overtime compensation;

  b. an equal amount as liquidated damages as allowed under the FLSA;

  c. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

  d. such other and further relief as may be required by law.

    Respectfully Submitted,

    STEELE STURM, PLLC

    */s/ Charles A. Sturm*
    CHARLES A. STURM
    Texas Bar No. 24003020
    Federal Bar No. 21777
    Bank of America Center
    700 Louisiana, 48th Floor
    Houston, Texas 77002
    (713) 659-2600 [Telephone]
    (713) 659-2601 [Facsimile]
    csturm@steelesturm.com

    **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**
STEELE STURM, PLLC
HOWARD L. STEELE, JR.
Texas Bar No. 24002999
Federal Bar No. 21615
hsteele@steelesturm.com
TRAVIS CADE ARMSTRONG
Texas Bar No. 24069312
Federal Bar No. 1690801
tarmstrong@steelesturm.com